**Opinion issued August 4, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-26-00589-CV

————————————

**ANNIE CALDARERA, Appellant**

**V.**

**KINGFISHER LIVING, D/B/A ELLA SPRINGS SENIOR ASSISTED LIVING FACILITY, Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-42905**

---

## MEMORANDUM OPINION

On July 10, 2026, appellee filed a motion to dismiss the appeal for lack of jurisdiction. Appellee stated that the summary judgment order signed on May 13, 2026 was not final and appealable because it did not dispose of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). The certificate

of conference indicated that appellant was opposed to the motion, but appellant filed no response.

A judgment is final for purposes of appeal if it disposes of all parties and claims. *See id.* at 195. An order can be final for appeal purposes even if it does not dispose of all pending claims if the order "clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205. There must be a clear indication that the trial court intended for the order to dispose of the case in its entirety and this could be done by including finality language, such as "This judgment finally disposes of all parties and all claims and is appealable." *Id.* at 206.

The summary judgment order in this case contains no finality language and thus, we must look at the record to determine if the order disposes of all parties and claims. Appellant's second amended petition shows that appellant alleged three causes of action, including negligence. The motion for summary judgment filed by appellee sought summary judgment only on appellant's claim for negligence. The other claims remain pending. Thus, the May 13, 2026 order granting summary judgment is interlocutory and not appealable.[1] Because the order appealed is not final and appealable, we lack jurisdiction over this appeal. *See Jones v. Bellum*

---

[1] Texas courts generally have jurisdiction only over final judgments. *See Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 886 (Tex. App.—Houston [1st Dist.] 2015, no pet.). An interlocutory order may be appealed if a statute authorizes an appeal. *See id.* No statute authorizes appeal of the interlocutory summary judgment order in this case.

*Civile, LLC*, No. 01-25-00145-CV, 2025 WL 2077082, at *2 (Tex. App.—Houston [1st Dist.] July 24, 2025, no pet.) (mem. op.).

Accordingly, we grant appellee's motion and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Morgan.